# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KRISTA JERAY,<br><br>Defendant,<br><br>and<br><br>JAMES IMAGING SYSTEMS,<br><br>Garnishee-Defendant. | Case No. 07-CR-204-10-JPS<br><br>**ORDER** |

In this criminal action, Defendant Krista Jeray ("Defendant") pled guilty to one count of wire fraud. ECF Nos. 243 and 252. In June 2009, the Court entered a judgment against Defendant, which ordered Defendant to pay a $100.00 special assessment and $77,817.33 in restitution, with interest waived and a portion of which was ordered to be paid jointly and severally with her co-defendants. ECF No. 287 at 5.

The United States now seeks to collect further payments in satisfaction of the judgment and has filed an Application for Writ of Continuing Garnishment, pursuant to 28 U.S.C. § 3205, together with a proposed order, proposed writ, and proposed notice. ECF Nos. 403, 403-1, 403-2, 403-3. The United States' submission indicates that, to date, $30,639.84 has been paid towards the satisfaction of the judgment, leaving an outstanding balance of $47,277.49. ECF No. 403 at 1. It further indicates

that it demanded payment from Defendant in satisfaction of the judgment "[n]ot less than 30 days" ago and that Defendant has not in that time paid the balance. *Id.* Finally, the United States indicates its belief that Garnishee-Defendant James Imaging Systems "is believed to owe or will owe money or property to . . . Defendant, or is in possession of property of . . . Defendant, and said property is a nonexempt interest of . . . Defendant." *Id.* at 2.

The Court finds that the United States' application meets the requirements of 28 U.S.C. §§ 3202 and 3205.[1] It will, therefore, grant the United States' application and direct the Clerk of Court to issue a Writ of Garnishment to the Garnishee-Defendant, James Imaging Systems, and a Clerk's Notice of Post-Judgment Garnishment to Defendant, using the submissions provided at ECF Nos. 403-2 and 403-3, subject to the caveat stated *supra* note 1. The Court will further order that the United States serve the Writ of Garnishment and Notice of Garnishment and then file certificates of service of same.

Accordingly,

**IT IS ORDERED** that the United States' Application for a Writ of Garnishment, ECF No. 403, be and the same hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue a Writ of Garnishment to Garnishee-Defendant James Imaging Systems, and

---

[1] 28 U.S.C. § 3205(b)(1) requires that an application for a writ of garnishment include the judgment debtor's Social Security number. The United States' submission includes Defendant's partial Social Security number. ECF No. 90 at 1. The Court is satisfied that the United States has substantially complied with the applicable statutory requirement, provided that the United States specify the full Social Security number to Defendant upon request, if necessary to comply with the Writ of Garnishment.

a Clerk's Notice of Post-Judgment Garnishment to Defendant Krista Jeray Bukouras, using the submissions provided at ECF Nos. 403-2 and 403-3, and further shall provide the Writ of Garnishment and Notice of Garnishment to the United States; and

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §§ 3004 and 3205(c)(3), the United States shall serve Garnishee-Defendant James Imaging Systems with a copy of the Application, the Writ of Garnishment, the Clerk's Notice of Post-Judgment Garnishment, and an answer form with instructions for compliance.

The United States shall serve the Writ of Garnishment to Garnishee-Defendant James Imaging Systems pursuant to Rule 4.1 of the Federal Rules of Civil Procedure and may effect service by its agents, employees, or private process server or the United States Marshals Service.

After Garnishee-Defendant James Imaging Systems has been served, the United States shall serve Defendant Krista Jeray Bukouras, as well as each person whom the United States has reasonable cause to believe has an interest in the garnished property, pursuant to Rule 5 of the Federal Rules of Civil Procedure, with a copy of the Application, the Writ of Garnishment, the Clerk's Notice of Post-Judgment Garnishment, and a form for requesting a hearing, claiming exemptions, and requesting a change of venue, along with instructions.

Unless otherwise ordered by this Court, the Writ of Garnishment shall be continuing and shall terminate only as provided in 28 U.S.C. § 3205(c)(7) or (10); and counsel for the United States shall certify that each person whom the United States has reasonable cause to believe has an interest in the property subject to the Writ of Garnishment has been served

at least **twenty (20) days** before filing a motion for disposition under 28 U.S.C. § 3205(c)(7).

Dated at Milwaukee, Wisconsin, this 6th day of March, 2026.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge